# United States District Court

SOUTHERN DISTRICT OF NEW YORK

1199 SEIU UNITED HEALTHCARE WORKERS EAST,

JUDGE PRESKA

V.

FULTON COMMONS CARE CENTER

SUMMONS IN A CIVIL CASE

CASE NUMBER:

08 CIV 6909

TO: (Name and address of Defendant)

Fulton Commons Care Center
60 Merrick Avenue
East Meadows, NY 11554
516-222-9300

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

HANAN B. KOLKO, ESQ.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 BROADWAY, SUITE 501
NEW YORK, NY 10018

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(BY) DEPUTY CLERK

AUG - 1 2008

DATE

American LegalNet, Inc.
www.FormsWorkflow.com

AO 440 (Rev. 10/93) Summons in a Civil Action –SDNY WEB 4/99

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                 Date                                Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

96853

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE PRESKA

'08 CIV 6909

------------------------------------------------------------ X
1199 SEIU UNITED HEALTHCARE WORKERS
EAST,

            Plaintiff,

FULTON COMMONS CARE CENTER, L.L.C.

           Defendant.
------------------------------------------------------------ X

**COMPLAINT**

RECEIVED
AUG 0 1 2008
U.S.D.C. S.D.N.Y.
CASHIERS

        Plaintiff, 1199 SEIU UNITED HEALTHCARE WORKERS EAST ("Plaintiff" or "Union"), by its attorneys, Meyer, Suozzi, English & Klein, P.C., as and for its Complaint respectfully alleges as follows:

### NATURE OF PROCEEDING

    1.    Plaintiff sues to confirm a labor arbitration award pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185(c).

### JURISDICTION

    2.    This Court has jurisdiction over this proceeding pursuant to Section 301(c) of the LMRA, 29 U.S.C. Section 185(c).

### VENUE

    3.    Venue is proper in this District pursuant to Section 301(a) of the LMRA, 29 U.S.C. Section 185(a).

### THE PARTIES

    4.    Plaintiff Union, whose offices are located at 310 West 43rd Street, New York, New York, is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. Section 152(5).

5.  Defendant Fulton Commons Care Center, LLC. ("Fulton") is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. Section 152(2). Concord's activities affect commerce within the meaning of Sections 2(6) and 2(7) of the LMRA, 29 U.S.C. Section 152(6) and (7).

## BACKGROUND

6.  Pursuant to Memoranda of Agreement signed on or about August 23, 2007, October, 2005 and in 2003, Fulton is bound by a collective bargaining agreement between the Union and the Greater New York Health Care Facilities Association, Inc. (the "CBA").

7.  Section 23 of the CBA requires that Fulton make payments to the 1199/SEIU Greater New York Benefit Fund ("Benefit Fund") for all covered employees.

8.  Section 24 of the CBA requires that Fulton make payments to the 1199/SEIU Greater New York Pension Fund ("Pension Fund") for all covered employees.

9.  Section 25 of the CBA requires that Fulton make payments to the 1199/SEIU Greater New York Education Fund ("Education Fund") for all covered employees.

10.  Section 26 of the CBA requires that Fulton make payments to the 1199/SEIU Greater New York Job Security Fund ("Job Security Fund") for all covered employees.

11.  Section 27 of the GNY CBA requires that Fulton make monthly payments to the 1199/SEIU Greater New York Participation Fund ("Worker Participation Fund") for all covered employees.

12. Section 28 of the CBA requires that Fulton make payments to the 1199/SEIU Greater New York Child Care Fund ("Child Care Fund") for all covered employees.

13. In accordance with the CBA, any unresolved dispute concerning an employer's failure to make required contributions to the Pension, Benefit, Education, Child Care, Worker Participation, and Job Security Funds (together, the "Funds") is submitted to a designated Impartial Chairman to render a final and binding decision.

14. Section 9 of the CBA contains a broad arbitration provision under which the Union submitted to arbitration a dispute concerning Fulton's failure to remit payment of contributions on behalf of its employees to the Funds.

### AS AND FOR ITS FIRST CAUSE OF ACTION

15. The Union repeats and re-alleges the allegations set forth in paragraphs "1" through "14" as stated above.

16. In accordance with the CBA, the Union submitted to arbitration before a duly designated Arbitrator, Martin F. Scheinman, Esq., a dispute concerning Fulton's failure to remit contributions to the Funds due and owing for the period July 23, 2006 through January 19, 2008.

17. In accordance with notice duly given, Arbitrator Scheinman held a hearing on February 7, 2008 concerning Fulton's failure to remit contributions to the Funds.

18. After due consideration of all the evidence presented, in an award dated March 10, 2008 ("the March 10 Award") Arbitrator Scheinman ruled that Fulton violated the CBA by failing to make the required contributions to the Funds. A copy of the March 10

Award is attached as Exhibit 1. The Arbitrator directed Fulton to pay the Funds as follows:

**Pension Fund**

$62,533.25

**Benefit Fund**

$230,400.41

**Education Fund**

$15,406.25

**Child Care Fund**

$3,617.39

**Job Security Fund**

$1,714.95

**Worker Participation Fund**

$17,598.39

"Failure to pay in a timely fashion shall result in interest accruing at the interest rate of twelve percent (12%) per annum." March 10 Award at p. 4.

19.  The Arbitrator sent written notice of his award to the Union and Fulton.

20.  Fulton has failed and refused, and continues to fail and refuse, to fully comply with the March 10 Award, although it has made partial payment of the amount due.

WHEREFORE, the Union respectfully prays for an Order and Judgment:

1.  Confirming the March 10 Award of Martin F. Scheinman, Esq.

2.  Directing Fulton to pay the Funds the following sums, plus 12%

-4-

interest from April 10, 2008 until payment is received:

| | |
|---|---|
| Pension Fund | $ 40,936.71 |
| Benefit Fund | $ 102,397.24 |
| Education Fund | $ 11,899.11 |
| Child Care Fund | $ 110.25 |
| Job Security Fund | $ 0 |
| Worker Participation Fund | $ 17,598.39 |
| **TOTAL** | **$ 172,941.70** |

3.  Granting such other and further legal and equitable relief as the Court may deems just and proper, together with the reasonable attorney's fees and costs and disbursements for this proceeding.

Dated: New York, New York
       July 31, 2008

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

/s/ Hanan B. Kolko
Hanan B. Kolko (HK 1307)
Attorneys for Plaintiff
1350 Broadway, Suite 501
P.O. Box 822
New York, New York 10018-0026
212-239-4999
hkolko@msek.com

-5-

96744